O’Neall J.
This case'is said to be of great importance to the parties, on account of the value of the property involved; and it is surely of equal importance to the community, from the principles to be settled by it. The law of real estate ought from its continual and daily application to the transmission of estates by descent, and their conveyance by deed, or devise, to be plain and intelligible ; but as transmitted to us from that country, from which our legal institutions are derived, it is so incumbered by artificial rules and distinctions, that even the most learned there *246 have acknowledged themselves to be but apprentices to the science, jn gtate much has been done both by the Legislature, and the Courts, to simplify its rules; but the work is still in its-infancy, and much remains tó be done, to rear up the superstructure, on principles clear and comprehensive as our general system is intended to be, and consistent with our acknowledged and wise policy of unfettering estates wherever we can. This work imposes upon the Courts a great responsibility, and one which is not a little enhanced by the fact, that we are only the expositors and not the makers of the law. While, therefore, we might be willing in another department to lay the axe to the root of the tree, by enacting an entire new system for ourselves; yet in this we are bound to follow the law, and according to its principles to decide the cases presented to us. Proceeding on the maxim, to obey the law wherever it speaks; and where it is silent, or the reason for the rule has ceased to exist, to resort to principles, analogous to the question before us, which may be deduced from other cases; we shall, I think, be enabled so to decide this case, as to make it one amongst its predecessors, tending to simplify the doctrine applicable to estates created by devise.
In the view which I propose to take, it is only necessary to consider what estate Stobo Bedon took under the will of Josiah Bedon. In England it may be conceded, that he would have taken an estate, in tail-male, in order to give effect to the testator’s intention. In 2 Fonbl. 56, it is said, “ an estate may be enlarged by implication ; as where an estate is devised to A. generally, and for want of issue, the remainder over to B.; A. shall take an estate-tail by implication. For though the devise to A. generally would of itself pass only an estate for life, yet as no benefit is given to B, while there is any issue of A. the consequence would be, that as no interest springs to B. and no express estate is given to the issue of A. after the death of A. the intermediate interest would be undisposed of, unless A. were considered as taking for the benefit of his issue, as well as of himself; and as the words are capable of such amplification, the Court naturally implies an intention in the testator that A. should so take, that the property might be transmissible through him to his issue; and he is therefore considered to take an estate-tail, which will descend on his issue.” It is obvious from this authority, which is the substance of all the *247 cases on the subject, that the implication is raised for two reasons: first, that the first taker could not, under a general devise, take more than a life estate ; and secondly, that to enable the issue to take any interest at all, the estate of the first taker must be considered to be for their, as well as his benefit. This was but giving effect to the testator’s intention, by the creation of an estate, which would not defeat any part of his will: for the remainder man’s rights would not necessarily be defeated by the estate being considered an estate-tail. After the statute de donis the Judges divided the estate into three parts ; first, the estate for life in the first taller; second, the estate to the issueperformam doni ; and third, the reversion : Each of these estates was the subject of either grant, or devise, and therefore all the objects of the testator’s bounty could be provided for consistently with the rules of law. But the estate-tail never having existed in this State, it is necessary to consider, whether we should* regard every estate, which in England would be construed a fee-tail, as a fee-conditional at common law.
In order to enable us to decide this question, it is necessary that we should carry with us the main reason of the English doctrine, to wit: that the intention of the testator is to be effectuated and not defeated. Implication, either to create or enlarge an estate, must be a necessary one apparent on the face of the will. Carr v. Porter, 1 M’C. Ch. 79. The issue cannot take by implication as purchasers, but must take, if at all, by descent. Now, there is no necessity apparent on the face of the will, that they should take in fee-conditional. If they would otherwise take nothing from their ancestor, as would be the case in England, then the necessity of the implication would exist; but if they may take by descent in this State from the seizin of their ancestor in fee, and I propose hereafter to shew that they can, then the necessity does not exist, and one of the reasons applicable to estates-tail does not apply to this case-
If it were necessary to enlarge the estate of the devisee Stobo Bedon, why might not the words relied on to make his estate a fee-conditional, be construed to enlarge his estate by implication to a fee 1 They are merely used to designate an event, on the happening of which the estate is to go over to another. If this event did not happen, the testator intended that the devisee should talle an estate transmissible to his issue. If it were neces *248 sary, for this purpose, to do so, there is nothing surely in the law which would prevent us from enlarging his estate into a fee-simpie- For in the language of Mr. Justice Nott, in Carr v. Porter, 1 M’C. Ch. 81. “ A devise to one for life, with remainder to his , . . . ,. , neirs or issue, is not a direct gift to the issue ; it only amounts to an enlargement of the estate in the first devisee, converting a life estate into a fee-simple, or fee-tail, and rendering it thereby transmissible to his issue.” But it is in order to carry the testator’s whole intention into effect, that these words are construed to make the estate an estate-tail. A fee-conditional would not have the same effe.ct. If the estate of Stobo Bedon is construed a fee-conditional, the estate in remainder to Richard B. Bedon cannot take effect as a contingent remainder; for it would be a fee mounted on a fee, and therefore void. It could not operate as an executory devise, for if the devisee took an estate in fee-conditional, the limitation would be after an indefinite failure of issue, capable of taking per formam doni. So that the intention of the testator must in part at least be defeated by this construction. Is the will susceptible of a construction in law which will give effect to the entire intention 1 It certainly is. If the estate of the devisee is held to be a fee-simple, defeasible in the event of his dying without having issue a son living at his death, the whole intention may be carried into effect. The issue of the devisee, if he should have any, would take the estate by descent as his heirs at law; if he should die leaving no issue at his death, then the limitation over would take effect as an executory devise. If therefore, the reason of the English rule is to be our guide, it furnishes abundant ground for not holding the estate of the first devisee to be a fee-conditional at common law.
The devise to Stobo Bedon under consideration, could not, from its terms even, be considered a fee-conditional. For that estate supposes a possibility of reverter to the devisor. In the case before us he has parted in terms with his entire estate ; if not to the devisee Stobo and his issue, certainly to the remainder-men. That such an estate could never be construed by the English Courts a fee-conditional, becomes manifest, when it is borne in mind, .that it would thereby both defeat the rights of the remainder-men, and in opposition to the testator’s own devise, reserve to himself a possibility of reverter. To create a fee-conditional, there must be either words of inheritance and pro *249 creation, or words indicating the testator’s intention, that the estate should pass indefinitely in the general, or special line of the first taker. In the case before us, neither of these occur. The devise to Stobo is genera], and if one to his issue is implied, it is also gen-oral ; and it might be inferred, that tire estate was not intended to descend beyond the son of Stobo Bedon. I have hence satisfied myself, that Stobo Bedon’s estate is not a fee-conditional; and in coming to that conclusion, I have been no little gratified, that it 'diminishes, with us, the means by which estates have been fettered in England for the purposes of aristocratical pride and wealth, and thus promotes both the simplicity and equality of estates in a country, whose pride and boast it has hitherto been, that merit and not birth, successful industry, not hereditary wealth, deserved encouragement.
Under the words of the devise, Stobo Bedon, it is said, can at common law take only an estate for life. The rule was once recognized in this State, that a devise, to pass a fee, must be either by words of inheritance, or perpetuity, or other words clearly indicating the testator’s intention to devise his whole estate. Even under this rule, I think the devisee took an estate in fee-simple, defeasible on the happening of the contingency. For the intention of the testator, to part with the whole of his estate to the devisee, is clear and demonstrable. He gives to him after the death of the testator’s wife, but if he should die without being married, and having issue a son, then remainder over. Under this clause he would take a vested interest, but postponed in enjoyment until the death of his mother. If his estate was only for life, his death before that of his mother, would have been not only the end of his own estate, but also of that of his issue. For we have seen that they must take by descent, or not at all. This the testator certainly did not intend. It is both reasonable and proper in ascertaining his intention as to the estate he intended to devise, to look to all the events, which being contemplated in the will, make it necessary that the devisee should take a greater estate than the words might otherwise convey. The words of the devise to him are enlarged by the words “ and if he should die unmarried, and without leaving issue a son, then remainder over.” Put the case if he had devised to him and his heirs forever; but if he *250 died unmarried, and without leaving issue a son, then remain-c|er t0 Richard: No doubt could have been entertained, but that took an estate in fee-simple, defeasible on the happening of the contingency. What is the difference between the case before us and the one supposed on the score of intention ! There is none. For in both, it is obvious that the estate is only intended to go over to another on the happening of the contingency. If that contingency did not happen, what estate did the testator intend him to take ? Unquestionably the whole which he himself liad. For he has made no ulterior disposition of it. An estate m fee may be as well implied in this State to effect the testator’s intention as an estate-tail in England. The words in the will may be considered as evidencing the testator’s intention to give an estate beyond the devisee’s life, and from them we may imply that he intended his devisee should take in fee.- For unless the words, ‘ dying without issue a son,’ answer this purpose, they cannot avail any thing. The issue cannot take as purchasers. They must take by descent, or not at all. The son of Stobo cannot take in fee-conditional; he must therefore, take as an heir general of his ancestor.
This view is aided by another, the devise over to Richard B. Bcdon for life, and to Ins son and his.heirs forever, was only to take effect if the devisee did not leave ‘ issue a son.’ This was a good executory devise, and if the contingency had happened must have been supported. For it is to one in esse, and for life, and must take effect at the death of the first taker, or not at all. It is within a life or lives in being, and twenty-one years, and nine months after, and is not a devise over after an indefinite failure of issue. Butler’s Fearne, 429. If the contingency happened, the testator has in that event parted with the fee in words. If it did not happen, and the executory devise over was thereby defeated, it would seem to violate all our notions of fitness to suppose, that he intended in that event the devisee, whose estate was to have been defeated on the contingency provided, should take in fact no greater estate, than he would have done, had the devise over been unconditional.
In this State, however, words of inheritance or perpetuity, or words indicating an intention to pass the fee, are not now necessary in a devise of land. An absolute original deyise, without words of limitation, will carry the fee. For whether *251 the act of 1824 is considered declaratory, and settling the law, » -n 1 n or the decisions of this Court m the cases oí Dunlap v. Crawford, Hall v. Goodwyn, and Smith v. Peyton, are to be regarded as having over-ruled the former decisions, and fixed the rule by which all cases are tobe governed, is perfectly immaterial. The rule is as I have stated it; and under it, unless there are words in the will by which the estate of Stobo is limited or restricted to a less estate than a fee, the devise to him, is equivalent to a devise to him and his heirs forever. In the will there is no direct devise to the issue of Stobo Bedon. It is true that the leaving ‘ issue a son’ is a contingency, upon which the estate is not to go over. But this does not of itself, and from necessity, restrict the previous estate. There is nothing which authorizes us to conclude that the 1 issue a son’ was ever intended to take per formant doni. If the devisee had died leaving five sons, who of them as ‘ issue a son’ could have taken Í The oldest could not have taken by virtue of the devise, for all answer the description, and either living at his death would have prevented the estate from going over to the remainder-man. They must have all taken, and yet if the testator’s words of contingency were to be considered as creative of an estate in the issue, he probably intended that only one should take. But we can more rationally conclude, that the testator intended, that if his son should have ‘ issue a son,’ he should have the power of disposing of the estate as he chose. He might very well conclude in that event, that he would act as wisely and affectionately by his child as he himself had done.
If the devise had been to Stobo for life, and in the event of his dying without leaving ‘issue a son,’ then remainder over, we would not perhaps be authorized to say he took a fee against the express words of the will. But if we did, we would do no violence to the English canons of construction, in relation to estates-tail. It would at least be as well, subserving the testator’s intention, to declare it in this State a fee-simple, as it would in England to declare it an estate in tail-male. Under' the words of this will we are violating no limitation, in declaring that Stobo Bedon took an estate in fee-simple, defeasible on his dying unmarried, and without leaving ‘ issue a son.’ The contingency upon which the estate was to go over, not having happened, the plaintiff Richard B. Bedon was intitled to no estate *252 in the land in dispute. The motion to reverse the decision of the Judge below, on the special verdict, is therefore refused.
Johnson J. concurred. Harper J. having been of counsel in the cause, gave no opinion.
Motion refused.